Macknet v. Macknet.

MACKNET, appellant, and MACKNET, respondent.

1. The twenty-fourth section of the will of C. S. M. was, in part, as folfollows: "My will is, and I do direct, that during the minority of my daughter Hattie, the income of the estate which I have hereinbefore bequeathed to her and to her use, shall be paid to her mother, she remaining my widow and unmarried, for the support, maintenance and education of said daughter," &c. *Held*, that under this clause alone, upon fulfillment of the trust, no account can be demanded of the widow.

2. The ninth section of the will, however, provides "that all provisions made for the benefit of my wife, are to be in lieu and satisfaction of her right of dower, and all other interest she may have in my estate, her acceptance of such provision by her to be determined by her relinquishment of dower in three months after my decease." She did not relinquish her right of dower. *Held*, that the widow's right to receive the income under the twenty-fourth section, was substantially a gift to the mother, subject to a charge for the support, maintenance and education of the child, and her right to the surplus is defeated by the ninth section.

*Mr. John W. Taylor*, for appellant.

*Mr. C. S. Titsworth*, for respondent.

The opinion of the court was delivered by

REED, J.

This is an appeal from a decree of the Chancellor upon a petition of Hattie Macknet, an infant child of Charles S. Macknet, deceased. 11 *C. E. Green* 259. Charles S., the father of the petitioner, died in the year 1872, leaving property amounting to about a half million of dollars in value. He left a widow, a son Theodore, a daughter Caroline, by a former marriage, and a daughter, who is the present petitioner, the fruit of his last marriage. He provides for his children so as to leave the shares of his daughters about equal, except in that the income of Hattie's share, during her minority, is payable to her mother, by the twenty-fourth section of the will. Under this section, Mary S., while remaining the widow of the deceased, and during the minority of Hattie, receives each

year, in half-yearly payments, the income of all the property given to Hattie, for the support, maintenance and education of the said Hattie.

The petitioner represents that the amount of income received each year is not less than $10,000, and that the amount required for the support, maintenance and education of the minor does not exceed $2000. The question involved is relative to the disposition of the balance of about $8000 of the yearly income. The question arises in this way : The ninth section of his will is as follows: " All provisions in this my will, made for the benefit of my wife, or her son George, are to be in lieu and satisfaction of her right of dower, and all other interests she may have in my estate, her acceptance of such provision by her to be determined by her relinquishment, to be made by her in writing, of such dower and interest within three months after my decease." The widow did not indicate her acceptance of such provisions by relinquishing her right to dower. By the ninth section, therefore, she forfeited the advantage of all provisions made for her benefit in the will. The question is whether her right to receive the income of Hattie's share, subject to a charge for the support, maintenance and education of Hattie, is such a provision for the benefit of the widow.

There were certain express provisions in the will for her benefit, to wit, a life policy of $2000, $600 in household goods, the use of a pew, the use of house, and an interest in $500 provided for mourning apparel. The entire yearly value of such express provisions would not exceed $2500. It is contended that the widow, by failing to relinquish her dower right, lost her interest in these only, and that she still has the right to receive the income without liability to account. The clause by which she is to receive the income of Hattie's share is this : " *Twenty-fourth.* My will is, and I do direct, that during the minority of my daughter Hattie, the income of the estate which I have hereinbefore bequeathed to her and to her use, shall be paid to her mother, she remaining my widow unmarried, for the support, maintenance and education

of said daughter; and in case of the death of her said mother, or her marriage, then so much of said income as may be necessary for the liberal support and education of said daughter Hattie shall be paid by said executors, who, in case of the death or marriage of my said wife, Mary, I appoint to be guardians of Hattie. I also direct that the income of the stocks and bonds which I have directed to be paid to my wife and daughter Caroline, shall be paid half-yearly, as also the sum directed to be paid for the support and education of my said daughter Hattie."

Here is a direct gift of the income to the mother, for the support, maintenance and education of her child. The facts are within a line of cases which establish the doctrine that where property is given to a parent, or one standing *in loco parentis*, with directions to educate or maintain their children, upon the fulfillment of the trust no account can be demanded. *Hadow* v. *Hadow*, 9 *Simons* 438; *Leach* v. *Leach*, 13 *Simons* 306; *Hora* v. *Hora*, 33 *Beav.* 88. Standing alone, therefore, the force of this clause is to render the mother, so long as she performs the trust, independent of any judicial supervision over her disposition of the surplus. Whether the doctrine arose from the idea that the legal or moral liability for the infant was upon the parent, and that anything which totally or partially relieved the parent of that liability was a provision for the parent's benefit, or it had its origin in a policy designed to preserve the family relations and establishment intact, is immaterial. Whatever the origin of the doctrine, it has resulted in placing such dispositions of property among a class of bequests which are considered as gifts to the first taker, coupled with a duty.

In *Hammond* v. *Neame*, 1 *Swanst.* 34, there was a gift to one Gibbs upon trust to pay and apply the interest into the hands of Mary H. Hammond, for the maintenance, bringing up, and education of the children of said M. H. Hammond, until their majority. Sir Thomas Plumer, master of the rolls, held that although Mary had no children, she was entitled to the income; that the terms were absolute; that the

children were no direct objects of bounty, but were only the occasion of bounty to the mother.

In *Berkeley* v. *Swinburne*, 6 *Simons* 613, there was a gift of a residuary estate to trustees, with directions that they should pay the interest of shares given to certain nieces of the testator, to their mother, or, in case of the death of their mother, to the guardian of the children, to be applied to their maintenance and support. The father of the children was able to maintain them. There was no need of any part of the fund for the execution of the trust, and the question was, whether the mother was entitled to the income of the nieces' share. The Vice-Chancellor held that the testator had used language which showed that he intended to give the mother a beneficial interest in the income.

In the subsequent case of *Browne* v. *Paull*, 1 *Simons N. S.* 92, the Vice-Chancellor, in commenting upon the result in Berkeley *v.* Swinburne, says : "It evidently proceeded upon the ground that where, during the minority of a child, the interest of such child's legacy is directed to be paid to the parent, to be applied for or towards its maintenance, there the direction as to the application is a mere charge for the benefit of the child, on what is substantially a gift to the parent, subject to such charge." In this case of Browne *v.* Paull, a trustee was directed to pay the income of minors' property to their mother, or otherwise apply it for the maintenance, education, and advancement of the children. It was held that the mother took the income subject to the charge.

Mr. Roper, after enunciating the rule that trustees cannot apply the interest of the property of infants to the maintenance of the infants with parents, because the duty of maintenance is upon the parent, says that the rule is subject to two exceptions. The second exception is where the interest is given to the father himself, for the maintenance of the legatee ; in this case it being considered a gift to the parent. *Roper on Legacies, vol. II., p.* 1295.

We have seen, by cases already cited, that the rule is not limited to the father. The right of the mother in the present

case, therefore, is this : the will gives her the entire income as a beneficial interest, subject to a charge for the support, maintenance, and education of her daughter Hattie.

Regarding this as an interest vested in her under the terms of this clause, the conclusion seems irresistible that she abandoned it by her refusal to request her dower right according to the terms of the ninth clause. Nor is there anything in the clause which displays an intent on the part of the testator that this result should not follow. The concluding sentence of that clause does not indicate that the father considered the payment of this income to the mother as entirely beneficial to the daughter. It is true that, in designating the terms of payment, he mentions separately the income from other property payable to the mother and this income payable for the support of the daughter. It was proper. The gifts were different : one was absolute and the other coupled with a duty. It was natural he should mention both, and that he should allude to the last in the terms of the bequest employed at the beginning of the clause. It has no significance beyond a repetition of the first sentence, the legal effect of which was to give the widow a beneficial interest. It was urged that the words, " in case of the death or marriage of her mother, then so much of said income as may be necessary for the liberal support, &c., of Hattie, should be paid by the executors," raised an implication that upon no other contingency would the right of the widow to the entire income be defeated.

If the right to receive the entire income is an interest, and that interest is defeated by the express provision of the ninth section, it is difficult to see how such express provision can be annulled by an implication.

The conclusion then is that the decree that the executors pay over to Mary H. Macknet the entire income of Hattie, without liability on her part to account, must be reversed.

This leaves the other questions propounded in the infants' petition, in the Court of Chancery. For their determination, the cause will be remitted.

For reversal—BEASLEY, C. J., DEPUE, DIXON, GREEN, KNAPP, LILLY, REED, SCUDDER, VAN SYCKEL, WALES. 10.

For affirmance—CLEMENT, DALRIMPLE, WOODHULL.   3.